Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 93 | **DATE** | 2/8/2012 |
| **CASE TITLE** | Wail T. Salem (#2011-0008821) vs. Michael O'Leary, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [4] is granted, and the court authorizes the trust fund official at plaintiff's place of confinement to deduct $38.00 as an initial partial filing fee from plaintiff's trust fund account and to continue making deductions from plaintiff's account in accordance with this order. The clerk is directed to issue summons for the defendants. The clerk shall send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for the appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff Wail Salem, a Will County Jail inmate, has filed a 42 U.S.C. § 1983 complaint against Will County Jail Warden Michael O'Leary and Will County Sheriff Paul Kaupas. Plaintiff asserts that he is Muslim and that he has been denied meals excluding pork in accordance with his religion.
    Plaintiff's *in forma pauperis* motion reveals that he is unable to prepay the $350 filing fee and the court grants the motion. The court assesses an initial partial filing fee of $38.00 and authorizes the trust fund officer to deduct, when adequate funds exist, this amount from plaintiff's trust fund account and pay it to the clerk of court. After collection of the initial partial filing fee, the inmate trust accounts officer is authorized to collect monthly payments from plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at the Will County Jail shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.
    Preliminary review of plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that he has stated a colorable cause of action against the defendants, such that they must respond to the complaint. *Nelson v. Miller*, 570 F.3d 868, 881 (7th Cir. 2009) (addressing claim of a First Amendment violation for a prisoner unable to obtain a religious non-meat meal).
    The clerk shall issue summons for service of the complaint on Will County Jail Warden Michael O'Leary and Sheriff Paul Kaupas. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return the forms to the Marshal may result in the dismissal of his claims against unserved defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former

| STATEMENT |
|---|

employee who can no longer be found at the work address provided by plaintiff, officials with the Will County Jail shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If unable to obtain waivers, the Marshal shall attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

The court denies without prejudice Plaintiff's motion for the appointment of counsel. Though civil litigants do not have a constitutional or statutory right to counsel, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1). However, this case, at this stage, involves neither complex issues nor complex discovery, and plaintiff's pleadings indicate that he is competence to present his claim adequately. His request for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).